No. 826

PASHKOWSKI v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8011. Decided Oct. 3, 1927.

First Publication of this Opinion

Syllabus by Editorial Staff.

480. EVIDENCE.—Conversation with child who does not appreciate obligation or meaning of oath, not admissible.

Error to Municipal Court.
Judgment reversed.
F. E. Coleman, Cleveland, for Pashkowski.
B. Griffin, Cleveland, for State.
FULL TEXT.
PER CURIAM.

Plaintiff in error was tried and convicted on the charge of receiving stolen property, to-wit, a dress, the property of the Boston Chain Stores. When the dress was discovered at the residence of plaintiff in error, a nine year old daughter of plaintiff in error was questioned in the presence of plaintiff in error. In said conversation it was alleged that the little girl told that she had stolen the dress from the Boston Chain Stores. A witness for the State stated that the plaintiff in error made no reply, for the reason that the conversation was conducted in the English language of which plaintiff in error was ignorant. This conversation with the little girl was given in evidence at the trial. When the little girl was offered as a witness against her mother, after close questioning by the court, the court refused to permit her to testify, because she did not, in the opinion of the court, appreciate the obligation of an oath or the meaning of it. The conversation had with the little girl was nevertheless admitted in evidence against objection.

In the opinion of this court this constitutes prejudicial error, and while not desiring to pass upon the question of the guilt or innocence of the plaintiff in error, she is undoubtedly entitled to a trial conducted according to law. We think that the ends of justice require a reversal of this case upon the ground that there was error in the introduction of evidence and that the case be remanded for a new trial.

According to the views herein expressed, the judgment of the Municipal Court is, therefore, reversed and the case remanded.

(Sullivan, PJ., Levine and Vickery, JJ., concur in judgment.)